**Raymond Mason RANDOLPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46629.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Jim Crow, Waco (Court appointed), for appellant.

Martin Eichelberger, Dist. Atty., Dick Kettler and Ward Casey, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

RAY, Commissioner.

This is an appeal from a conviction for the sale of heroin where the punishment was assessed at life.

The record reflects that on February 16, 1972, Texas Department of Public Safety Narcotics Agent Hamilton and a confidential informer drove to the Utopia Courts, a motel on Elm Street in Waco, to buy some "pills." Agent Hamilton testified that appellant told him he didn't have any pills, but he had some heroin. Appellant sold three bags of heroin to Agent Hamilton for thirty dollars ($30.00).

Appellant did not testify.

The two grounds of error submitted by appellant are that the trial court erred "in admitting extraneous offenses in violation of the 'due process' clause of the Fourteenth Amendment of the United States Constitution" and that the trial court erred in not requiring the extraneous offenses to be "proved-up" once the extraneous offenses had been admitted into evidence.

On cross-examination appellant's counsel asked Agent Hamilton what had prompted the appellant to say that he did not have any pills, to which Agent Hamilton answered, "Well, I have been over there on several occasions purchasing pills from him." Then on redirect examination the assistant district attorney asked Agent Hamilton if and when he had made other buys from the appellant. The answer was that he had purchased dangerous drugs from appellant on January 19 and February 2 at the Utopia Courts, to which appellant's counsel made no objection.

Any objection which appellant might have had to the admission of extraneous offenses was waived when testimony about such offenses was first elicited on cross-examination by appellant's own counsel. Heltzel v. State, 462 S.W.2d 289 (Tex.Cr.App.1971). Further, the failure of appellant to timely object to Agent Hamilton's testimony concerning the two buys of dangerous drugs from appellant on other occasions presents nothing for review by this court. Palmer v. State, 475 S.W.2d 797, 800 (Tex.Cr.App.1972).

Appellant's grounds of error are overruled. The judgment is affirmed.

Opinion approved by the Court.