Bill DALTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49082.

Court of Criminal Appeals of Texas.

Dec. 18, 1974.

Rehearing Denied Jan. 15, 1975.

Jack Gray, Denton, for appellant.

John H. Lawhon, County Atty., Alan L. Levy, Asst. County Atty., Denton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for the violation of City Ordinance No. 1081 of the City of Lewisville which pro-scribes the operation of a privately owned ambulance for emergency use without first securing permission from the Fire Alarm Dispatcher. Appellant was first convicted of this offense in the Municipal Court of the City of Lewisville. After a trial de novo in the County Court at Law of Denton County, in which the instant conviction resulted, said court imposed a fine of $110.00 as appellant's punishment.

On August 20, 1973, the City Council of the City of Lewisville passed Ordinance No. 1081. This ordinance establishes an ambulance service provided by the Lewisville Fire Department and prohibits private ambulance companies from making "emergency runs."[1] An exception to the ordinance allows a private ambulance to make an emergency run if permission is granted by the Fire Alarm Dispatcher. Non-emergency ambulance service, described by the ordinance as transfer service, is not prohibited by the ordinance.

In addition to attacking the constitutionality of the ordinance, appellant contends that the evidence is insufficient to support his conviction.

The State called Patricia Ann Madrano, who was asked a total of nine questions on direct examination. She was not cross-examined. She related that on November 1, 1973, a child, Bill Wing, ran into her car in an alley on Cherry Hill, that "the mother" called an ambulance and a "Dalton and Son Ambulance" arrived on the scene. She did not describe the injury, if any, to the child, and there is nothing in her testi-

---

1. Section 2(f) through 2(i) of the ordinance reads:

"(f) 'Emergency' means any circumstance that calls for immediate action and in which the element of time in transporting the sick, wounded or injured for medical treatment is essential to the health or life of the person. Such circumstances include, but are not limited to, accidents generally, traffic accidents, and acts of violence resulting in personal injury, and sudden illnesses.

"(g) 'Emergency Ambulance' means any motor vehicle especially designed, constructed, equipped, and used for transporting the injured or sick in answer to an emergency call.

"(h) 'Emergency Call' means any request for ambulance service that is made by telephone or other means of communication in circumstances which are, or have been represented to be, an emergency and requiring immediate ambulance service.

"(i) 'Emergency Run' means the emergency ambulance trip to the place where the emergency exists, or from the place of such emergency to a hospital, medical clinic or medical office, or other appropriate destination for the patient."

mony to show that the circumstances called for immediate action in which the element of time in transporting the child for medical treatment was essential to the health or life of the child. Further, there is nothing in her testimony to reflect the manner of the ambulance's arrival or departure and nothing to reflect that the child was placed in the ambulance or taken anywhere. Neither the mother nor the child was called as a witness.

It is clear that from the brief testimony of the witness Madrano the State did not show the critical fact issue of this case; i. e., did appellant's ambulance make an emergency run to or from the scene of the accident.

There are two ways in which the State attempts to supply this deficiency. First, there is the testimony of Lewisville Fireman John Robert Cabbell. Cabbell testified that while he was on duty on November 1, 1973, he received a call from a "voice" that identified itself as a "representative" of Dalton and Son Funeral Home. This voice, which was never identified further, informed Cabbell that appellant's ambulance was en route from the scene of the accident to a local hospital and that the run was being made "Code 3" (under emergency conditions). Appellant's timely objection that this testimony was hearsay was overruled. When cross-examined by appellant, Cabbell admitted that he had no personal knowledge about whether an emergency run was in fact made.

■■■ Clearly the testimony was offered for the truth of the matter asserted and as such was hearsay. See generally: Salas v. State, 403 S.W.2d 440 (Tex.Cr. App.1966); 1 C. McCormick & Ray, Texas Law of Evidence, § 781, p. 558 (2d ed. 1956); 24 Tex.Jur.2d Evidence, §§ 560, 561, p. 57 et seq. (1961). This court has specifically held that what a witness learned from a telephone conversation is hearsay. Gibson v. State, 430 S.W.2d 507

(Tex.Cr.App.1968). Of course, before the improper admission of hearsay presents reversible error, such testimony must be shown to be prejudicial. Fuller v. State, 501 S.W.2d 112 (Tex.Cr.App.1973); Haynes v. State, 482 S.W.2d 191 (Tex.Cr. App.1972). It is further incumbent upon an appellant to reinforce his objection by demonstrating to the court that such testimony was in fact hearsay. Boening v. State, 422 S.W.2d 469 (Tex.Cr.App.1967). In the instant case, appellant developed through cross-examination that Fireman Cabbell had no personal knowledge of the truth of the matter asserted. For this reason, the testimony about the voice's report of the emergency run was improperly admitted. However, since the same fact was also proved by other evidence, we must examine that evidence to determine whether reversible error is present.

We turn then to the second way in which the State attempted to prove the fact of the emergency run by appellant's ambulance. There is in the record a document denominated as an "Emergency Run Report." This document describes the location and date of the accident, the type of injuries, treatment, etc., and the names of the ambulance company and attendant making the "run." The document in the record has typed on it "Dalton and Son Funeral Home" and the names of appellant and one of his employees. Aside from the typewritten information, it bears no signatures or initials. Our present concern is whether the document was properly received in evidence by the trial court. This concern focuses upon the question of whether a proper predicate was laid by the State so that the document could be admitted pursuant to the Business Records Act, Article 3737e, Vernon's Ann.Civ.Stats.[2] Article 3737e provides in part:

"Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or

---

2. Since Emergency Run Reports were to be completed by the ambulance company, no issue with regard to the Official Records Act, Article 3731a, Vernon's Ann.Civ.Stats., is present. Cf. Coulter v. State, 494 S.W.2d 876 (Tex.Cr.App.1973), footnote 2.

the existence of the condition if the judge finds that:

"(a) It was made in the regular course of business;

"(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

"(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

"Section 2. The identity and mode of preparation of the memorandum or record in accordance with the provisions of paragraph one (1) may be proved by the testimony of the entrant, custodian or other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record. Such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility."

\* \* \* \* \* \*

■ This court has previously held that Article 3737e applies to criminal cases, Coulter v. State, 494 S.W.2d 876 (Tex.Cr.App.1973), and the cases there cited; and that it is to be liberally construed, *Coulter*, supra Morgan v. State, 503 S.W.2d 770 (Tex.Cr.App.1974). However, we have not dispensed with the requirement that a proper predicate be laid in order for this exception to the hearsay rule to apply. Williams v. State, 508 S.W.2d 83 (Tex.Cr.App.1974); 2 C. McCormick & R. Ray, Texas Law of Evidence, § 1258, p. 127 (2d ed. 1956). In the instant case Lewis-

ville Fireman Michael Paul Alaga was called by the State, evidently to lay such a predicate. After voir dire examination of Alaga indicated that he was not the custodian of such records, that he had no knowledge of whether entries were made at or near the time of the occurrence, and that he could not say whether the person making the entries had knowledge of the facts reported, the court allowed the State to call another witness in an effort to establish a predicate. This witness was Fire Chief R. A. Bradburry, whose only addition to the predicate for admission of the document was the fact that he was the custodian of such documents. Over appellant's objection that a proper predicate had not been laid, the document was then admitted into evidence by the trial court. Thus, the fact of custodianship of the records was the only element of the predicate which was ever proved. Under these circumstances admission of the document was error.[3] In Prine v. State, 509 S.W.2d 617 (Tex.Cr.App.1974), we held that it was error, although harmless in that case, to admit a document pursuant to Article 3737e when it was not signed or initialled and there was no proof that it was prepared in the regular course of business. The error in the instant case, however, was not harmless since the effect was to supply the critical element necessary to convict the appellant.

This critical element, the fact of the emergency run, was therefore only proved by inadmissible evidence. The telephone conversation was hearsay, and the document was not properly admitted pursuant to the Business Records Act exception to the hearsay rule since a predicate was not laid. In view of this fact it is not necessary to consider appellant's remaining grounds of error.

For the error noted, the judgment is reversed and the cause remanded.

3. For an example of a proper predicate, see Diaz v. State, 473 S.W.2d 492 (Tex.Cr.App. 1971). See also: Morgan v. State, 503 S.W.2d 770 (Tex.Cr.App.1974); Lawless v. State, 495 S.W.2d 241 (Tex.Cr.App.1973); LeBlanc v. State, 441 S.W.2d 847 (Tex.Cr.App.1969); Futch v. State, 376 S.W.2d 758 (Tex.Cr.App.1964).