Raul **ELIZALDI**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49606.

Court of Criminal Appeals of Texas.

March 19, 1975.

Robert Fagan, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and John M. Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Conviction was for the offense of robbery by firearms; punishment was assessed by the jury at ten years' imprisonment.

Appellant's first ground urges that it was error to deny his requested charge on circumstantial evidence.

The record reflects that on the night of February 3, 1973, the appellant was positively identified as the man robbing the deceased in his grocery store. Guadalupe Espinoza, wife of the deceased, saw the

accused in front of the counter with her husband. Her testimony reflects that shortly afterwards, while in the back room, she heard the appellant demand, "Give me all the change you have there." She claims to have recognized the voice to be that of appellant in that she has known him since he was a small child. After hearing the sound of a gunshot, she rushed in to find her husband lying on the floor behind the counter with a gunshot wound in the face. He subsequently died from a heart attack. She further testified that the cash register was open with change strewn about the store. Witness Rowland testi-fied that he was present in the store at the time of the robbery and saw appellant pull out a pistol, point it at the victim, and demand the money. The accomplice witness, Hernandez, testified that while waiting in the car, he heard a shot at which time appellant came running out of the store with a pistol and a quart of beer in his hand. Numerous other witnesses all testified to the same effect.

■ We cannot but conclude that this is direct evidence of the ultimate fact to be proven, especially in view of witness Rowland's testimony. Under these circumstances, the charge was not required. See Houston v. State, 506 S.W.2d 907 (Tex. Cr.App.1974); Brown v. State, 505 S. W.2d 850 (Tex.Cr.App.1974); Cox v. State, 494 S.W.2d 574 (Tex.Cr.App.1973); Joshlin v. State, 491 S.W.2d 423 (Tex.Cr. App.1973).

■ It is next complained that it was error to permit the prosecution, in the jury argument, to attempt to explain a prior inconsistent identification made by Mrs. Espinoza.[1] It is appellant's contention that this is unsworn testimony. We cannot agree. The State explained the reason for such inconsistent description of the assailant was Mrs. Espinoza's fear of appellant. This is completely borne out by her testimony that she was in great fear. Consequently, the State's argument was not unsworn testimony, but was an accurate appraisal of the evidence. The second ground of error is overruled.

■ Finally, complaint is made to the trial court's written communication to the jury concerning the change of the foreman.[2] The jury inquired whether or not they could change foremen. The record reveals that the trial judge properly summoned the appellant, his counsel, and the prosecution then read the request from the jury and his written answer. After reading the question and answer, the court inquired if the appellant had any objections. Counsel for the accused leveled a general objection in that the reply was "vague and indefinite." This procedure is in complete adherence to the requirements of Art. 36.27, Vernon's Ann.C.C.P. The note was prepared and tendered in the exact manner recommended in Calicult v. State, 503 S.W.2d 574 (Tex.Cr.App.1974); see the concurring opinion.

■ Additionally, the grounds of complaint on appeal differ from the grounds objected to at trial. While a general objection was made at trial, appellant now complains that the reply constituted an additional charge to the jury as the original charge had complied with Art. 36.26, V.A. C.C.P.[3] The objection raised in the trial court must be the same as that raised on appeal. E. g. Ex Parte Bagley, 509 S.W. 2d 332 (Tex.Cr.App.1974).

---

1. It should be noted that in this ground of error counsel for appellant has not cited any authority for his argument and is not in compliance with Art. 40.09(9), V.A.C.C.P. See Thompson v. State, 510 S.W.2d 949 (Tex.Cr.App.1974); Elizalde v. State, 507 S.W.2d 749 (Tex.Cr.App.1974). However, it has been reviewed in the interest of justice. Art. 40.09(13), V.A.C.C.P.

2. As we noted in footnote 1, supra, regarding ground of error number two, counsel for appellant has not cited any authority for his argument in this ground of error either; yet, we are considering it in the interest of justice. Art. 40.09(13), V.A.C.C.P.

3. "Each jury shall appoint one of its members foreman", Art. 36.26, V.A.C.C.P.

Be that as it may, the reply sent by the trial judge to the jury was proper. The original charge merely quoted Art. 36.26, V.A.C.C.P., see footnote 3. Although this is a correct pronouncement of the law, it does not address itself to the situation here presented. The jury had inquired if they could select another foreman; Art. 36.26 does not speak to this issue; the court's reply served to clarify and explain the meaning of Art. 36.26. The reply of the trial judge was:

> "The foreman you have elected will continue to be foreman unless he resigns or refuses to serve as such. In the event that he should resign or refuse to continue to serve, the jurors may choose another foreman."

This is a logical explanation of Art. 36.26, for should the foreman resign or refuse to serve, certainly the jury could choose another member of its choice. The trial court's reply to the jury's inquiry was proper. Cf. Shelton v. State, 441 S.W.2d 536 (Tex.Cr.App.1969). Appellant's third ground of error is overruled.

The judgment is affirmed.