Charles **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53104.

Court of Criminal Appeals of Texas.

April 13, 1977.

---

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Jack D. Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of robbery by firearm under the former penal code; the punishment is imprisonment for 25 years.

Appellant does not challenge the sufficiency of the evidence; however, a recitation of the facts is necessary for our discussion of several of his grounds of error.

The complaining witness was working as a manager of a Spec's Liquor Store in Houston on October 24, 1973. On that day she saw the appellant on the sidewalk by the liquor store. The complainant recognized the appellant as the same man who had robbed her at the store approximately two months before. She ran to the door, pulled it closed, and told the appellant, "we are closed." When the complainant ran back in the store to get the keys to lock the door the appellant entered the store. The appellant was armed with a pistol and ordered the complainant to give him all the money. After appellant obtained the money he made the complainant lock the doors to the store. He ordered her to go behind a partition to the storeroom and remove her clothes. Appellant then raped the complainant. Before he left, the appellant told the complainant that he knew where she lived and that if she called the police he would kill her and her baby.

The appellant testified in his own behalf that he had never robbed or raped the complainant. He stated that he lived with the complainant in August and September of 1973, and had the intention of marrying her. He said that he had a "relationship" with the complainant during that time, and that he and the complainant had gone out together. Appellant stated that he was in Louisiana on the day of the offense.

In rebuttal, the complainant testified that she never dated the appellant or lived with him. She stated that the only time she saw the appellant after the robbery in question was six days later on October 30, 1973. On October 30th the complainant was in her apartment bathroom when the appellant came into her bathroom with two butcher knives. The appellant said, "Well, why did you call the police? I told you I was going to kill you." The appellant then took his pants off and raped the complain-

ant on her bed. As the appellant was putting his pants back on the complainant ran out the back door to a friend's apartment.

The appellant was represented by a court-appointed attorney at trial; however, he filed six pro se motions on his own behalf plus a pro se brief. In one pro se motion the appellant requested permission to "pick my own jury" and cross-examine the complaining witness. The trial court granted both requests. The appellant conducted the cross and direct examination of three witnesses and his attorney questioned the other witnesses. The appellant also made closing arguments to the jury at the guilt-innocence phase of the trial.

Appellant contends the court erred in failing to grant a mistrial after the complaining witness alluded to a prior extraneous offense allegedly committed by him. The appellant complains of the following testimony that occurred during the examination of the complaining witness:

"Q. (By Prosecutor): Except for the occasion when he came into your store once previously, before October the 24th of 1973, had you ever seen the man before?

"A. Yes, sir, I had.

"Q. Where?

"A. He had robbed me once before.

"Q. Well, that's not what I wanted. "Okay. He has robbed you once before then? Is that true?

"A. Yes, sir.

"Q. And when did that happen?

"A. I don't remember the exact date.

"Q. And is that why you recognized him when he came back to rob you the second time?

"A. That is why.

"THE DEFENDANT: Objection, Judge, Your Honor.

"THE COURT: Sustained."

Testimony concerning this first robbery was brought out numerous other times before the jury without objection. The appellant himself questioned the complainant extensively concerning the first robbery. The court's charge instructed the jury not to consider testimony regarding other offenses that appellant may have committed unless it found beyond a reasonable doubt that the appellant committed the offenses and then only for the purpose of showing a common plan or systematic course of action, or in determining the identity, intent, motive, or malice of the defendant.

■■ Appellant's only objection to this testimony was a general objection which does not preserve error for review. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974). Furthermore, appellant's objection was untimely and testimony concerning this first robbery was elicited by the appellant himself on cross-examination of the complainant. *Randolph v. State*, 502 S.W.2d 138 (Tex.Cr.App.1973). Appellant's objection was sustained and no further relief was requested; nothing is presented for review. *Fuller v. State*, 501 S.W.2d 112 (Tex.Cr. App.1973); *Weedon v. State*, 501 S.W.2d 336 (Tex.Cr.App.1973).

Appellant's counsel on appeal argues in this ground of error that this Court should take into consideration the appellant's ignorance, as a layman, of the rules of evidence and procedure concerning preserving error and the rules excluding extraneous offenses. Appellate counsel recognizes that the appellant requested and was granted the right to conduct his own defense, but urges that permitting the appellant to conduct his own defense denied him a fair and impartial trial.

The United States Supreme Court has decided that an accused has the absolute right under the United States Constitution to defend himself without the benefit of counsel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In footnote 46 of *Faretta*, the Court said:

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense

amounted to a denial of 'effective assistance of counsel.' "

The rules of evidence, procedure, and substantive law will be applied the same to all parties in a criminal trial whether that party is represented by counsel or acting pro se. *Cf. Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976). Grounds of error number one and three are overruled.

Appellant next contends the court "erred in refusing to grant a mistrial after the Assistant District Attorney repeatedly tried to bolster his own witness' identification of the appellant." Appellant does not point out in the record where the alleged error occurred. He does not even indicate what witness he is referring to. This ground of error does not comply with the requirements of Article 40.09, Section 9, V.A.C.C.P., and presents nothing for review. *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974).

The appellant contends the court erred in admitting State's Exhibit No. 5 into evidence because the evidence was hearsay and because the proper predicate was not proved for its admission as a business record under Article 3737e, V.A.C.S. State's Exhibit No. 5 is a two page hospital record from Ben Taub Hospital. The records were apparently offered to corroborate the complainant's testimony that the appellant raped her during the course of the robbery in question.

George Steckly, the custodian of medical records at Ben Taub Hospital, testified that the records were made in the regular course of business and that they were made at or about the time that the events occurred that are reflected in the records. However, Steckly did not testify that it was the regular course of business for an employee or representative of the hospital with personal knowledge of such event to record the information or event in the medical records.

Article 3737e, V.A.C.S. applies to criminal cases and is to be liberally construed; however, this Court has not dispensed with the requirements that a proper predicate be laid in order for this exception to the hearsay rule to apply. *Dalton v. State*, 516 S.W.2d 937 (Tex.Cr.App.1974), and cases cited therein. The requirement that the person making the entry have personal knowledge of the fact or event recorded therein is a necessary predicate. Article 3737e, Section 1(b), supra.

Appellant did not object to State's Exhibit No. 5 in the trial court on the ground that the proper predicate had not been laid. Ordinarily error such as this may be cured or corrected if the issue is promptly and specifically brought to the attention of the trial judge. Since the objection made in the trial court was not the same as that urged on appeal, appellant has not properly preserved this complaint for review. See *Nelson v. State*, 507 S.W.2d 565 (Tex.Cr.App.1974); *Elizaldi v. State*, 519 S.W.2d 881 (Tex.Cr.App.1975).

The medical records were hearsay and were not shown to be properly admissible under the business records exception to the hearsay rule; however, the admission of the records does not constitute reversible error. The hospital records were merely corroborative of the complaining witness' testimony that she was raped during the course of the robbery for which appellant was convicted. Proof of the rape was not necessary in order to prove the appellant committed the robbery. Moreover, the complainant testified that appellant raped her and that she was examined at Ben Taub Hospital. Where evidence which would otherwise be inadmissible is proven by some other testimony which is not objected to, no reversible error is shown. *Mutscher v. State*, 514 S.W.2d 905 (Tex.Cr.App.1974); *Prine v. State*, 509 S.W.2d 617 (Tex.Cr.App. 1974).

Appellant contends the court erred in failing to grant a mistrial after the prosecutor made a side bar remark during cross-examination of the appellant. The remark appellant complains of is as follows:

"Q. You are saying you never went the night together?

"A. No, but we have had a relationship.

"Q. You did what?

"A. We have had a relationship together. ·

"Q. All right. I can agree with that, at pistol point.

"(DEFENSE ATTORNEY): Objection, if the Court please. This is a side bar remark and we object to it. We ask that counsel be asked to restrain himself and not to make these side bar remarks. We ask that the jury be instructed to disregard these remarks.

"THE COURT: All right. Ladies and Gentlemen, you will disregard the last remark of counsel."

The prosecutor's side bar remark was not so prejudicial that the trial court's instruction could not cure it. The remark should not have been made, but it does not constitute reversible error. *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr.App.1974); *Smith v. State*, 457 S.W.2d 58 (Tex.Cr.App.1970).

Appellant contends the court erred in failing to declare a mistrial after the complainant testified in rebuttal that appellant had come to her house six days after robbery and raped her at knife point. The appellant testified that he was in Louisiana at the time the robbery occurred. He also testified that he and the complainant had lived together and had a relationship." He said that he was the complainant's "man."

■ The complainant testified in rebuttal that she never voluntarily had a relationship with the appellant and never dated him. The complainant testified that on October 30, 1973, she was at home in her bathroom when the appellant appeared behind her with two butcher knives. The appellant said, "Well, why did you call the police? I told you I was going to kill you." The appellant then raped her. While the appellant was putting on his pants the complainant managed to escape out the back door. Testimony concerning the appellant's retaliation and rape of the complainant because she called the police was admitted without any objection. This ground of error presents nothing for review. *Carter v. State*, 506 S.W.2d 876 (Tex.Cr.App.1974); *Johnson v. State*, 504 S.W.2d 493 (Tex.Cr.

App.1974); *Randolph v. State*, 502 S.W.2d 138 (Tex.Cr.App.1973).

In his next ground of error the appellant appears to be arguing that the court erred in failing to determine whether he was competent to stand trial. Immediately prior to sentencing the appellant filed a pro se motion charging his attorney with "misrepresenting his case." He alleged that he requested his attorney to contact a psychiatrist about his "mental problem." He alleged that he had been in the East Louisiana State Hospital in 1972. At the sentencing hearing the appellant gave the judge a letter. He asked the judge to take back the twenty-five year sentence and "give me the electric chair, because I am going to kill myself at midnight tonight." He also said to give his body to his mother and if she did not want it, to tell the police to take his body to the waterfront and push it in the water. In addition, the appellant requested and was granted permission to review the record of his trial. The appellant burned the entire record while in a private cell at the Harris County jail.

It is unclear from appellant's brief exactly what error he claims was committed by the trial court. Apparently, his contention is that the court should have conducted a hearing to determine appellant's competency to stand trial because of appellant's strange behavior.

■ The appellant filed approximately six pro se motions. He conducted the voir dire examination of the jury panel. He conducted the direct and cross-examination of several witnesses. He presented closing argument to the jury. In addition, appellant has filed a lengthy pro se brief subsequent to the events that occurred at sentencing. We have examined all of appellant's pro se motions and brief. We have also reviewed the statement of facts where appellant represented himself. The record overwhelmingly reflects that appellant had sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and he had a rational as well as a factual understanding of the proceedings against him. The record is devoid of any

evidence raising doubt as to appellant's competency to stand trial. No error is shown. *Brown v. State*, 505 S.W.2d 850 (Tex.Cr.App.1974); *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr.App.1975).

Appellant in his pro se brief asserts that he was denied effective assistance of counsel. He alleges that his attorney neglected to interview him or to investigate his case prior to trial. He asserts that his attorney did not file any motions on his behalf and that his attorney did not object to improper questions and jury argument during trial.

The appellant was indicted on March 15, 1974, and was originally represented by a court-appointed attorney. On September 16, 1974, the appellant filed a pro se motion to dismiss his attorney. This motion was granted and the court appointed another attorney to represent the appellant on September 20, 1974. On February 15, 1975, the appellant filed another pro se motion to dismiss this attorney and requested that the court appoint a female attorney to represent him. Prior to trial the appellant filed an instrument entitled "Motion for Defendant Challenged District Attorney." In that motion the appellant stated that he wanted to cross-examine the complaining witness because he knew what questions to ask her. He also requested permission to question the jury panel.

The appellant's trial began on April 7, 1975. The appellant acting pro se conducted the voir dire examination of the jury panel. He also conducted the cross-examination of the complaining witness and one of the police officers. He conducted the direct examination of one of his own witnesses and presented final argument in his own behalf at the guilt-innocence phase of the trial. After judgment was pronounced and prior to sentencing, the appellant filed a pro se motion styled "Motion to Charge Attorney with misrepresentation of case in his client's behalf." He alleged that he requested his attorney to arrange for a psychiatric examination. He also alleged that the complaining witness had a child by him and that he asked his attorney to arrange for a blood type test so he could prove his story.

The constitutional right to counsel, whether appointed or retained, does not mean errorless counsel and the competency or adequacy of his representation is not to be judged by hindsight. The adequacy of an attorney's service must be gauged by the totality of the representation. An attorney must appraise a case and do the best he can with the facts, and the fact that other counsel might have tried the case differently does not show inadequate representation. In determining this issue the test to be applied is whether counsel provided "reasonably effective assistance." *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr.App.1976); *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974).

There was a total of eight witnesses excluding the appellant. The appellant acting pro se conducted the examination of three of the witnesses, and more importantly, he questioned the complaining witness. In the peculiar circumstances of this case it is almost impossible to separate appellant's actions from that of his attorney. Testimony that would normally have been inadmissible became admissible because of the manner in which appellant questioned the witnesses and because of his own testimony. Appellant's argument to the jury was often outside the record and allowed the State to argue matters which would have ordinarily been improper.

When an accused elects to represent himself he cannot complain that the quality of his own defense amounted to a denial of effective assistance of counsel. *Faretta v. California, supra.* We have tried to distinguish the attorney's representation from that of appellant himself. The fact that the attorney did not file any pretrial motions is not controlling. Appellant's allegations concerning the attorney failing to interview him and conduct pretrial investigation are simply not supported by the record. Appellant asserts that his attorney did not object to improper questions and jury argument, but fails to point out in the record where these alleged errors occurred.

We have examined the entire record; testimony concerning the first robbery and second rape would ordinarily be inadmissible. However, both of these extraneous offenses became admissible or their inadmissibility waived because of appellant's own conduct. An attorney can only work with the facts presented to him and he is not expected to win a hopeless case. *Williams v. State*, 513 S.W.2d 54 (Tex.Cr.App. 1974). From the totality of the representation we hold that appellant's attorney rendered reasonably effective assistance. It is difficult to protect a defendant from his own folly of self-representation.

We have examined the other grounds of error in appellant's pro se brief and find that they are without merit and accordingly are overruled.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS and PHILLIPS, JJ., concur in the result, but dissent to the portion of the opinion which says that the objection levelled to the medical records did not preserve the error in their admission into evidence.