**Carlton THOMPSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–402–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 9, 1983.

---

Juan P. Gonzalez, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the offense of aggravated rape for which the jury assessed punishment at twenty years' confinement. The appellant, in his sole ground of error, complains that "the trial court erred in its failure to declare the photographic spread as illegal and therefore exclude the identification of the appellant."

From the argument in his brief, it is apparent that appellant's claim on appeal is that the identification testimony of the complaining witness should have been suppressed as tainted by an impermissibly suggestive pretrial identification procedure. This complaint does not comport with any objections made at the trial. The record does not reflect a single objection to the identification testimony of the prosecutrix. Therefore, there is nothing presented for review. *Crocker v. State*, 573 S.W.2d 190, 205 (Tex.Cr.App.1978); *Williams v. State*, 549 S.W.2d 183, 187 (Tex.Cr.App.1977).

Further, there is no indication in appellant's brief as to where in the record of this case is to be found the error complained of. This failure to comply with TEX.CODE CRIM.PRO.ANN. art. 40.09 § 9 (Vernon Supp.1982) alone is sufficient reason to overrule the ground of error. *Bell v. State*, 620 S.W.2d 116, 126 (Tex.Cr.App.1981); *Cook v. State*, 611 S.W.2d 83 (Tex.Cr.App. 1981).

Despite these infirmities in appellant's brief, we have reviewed the ground of error and find it without merit.

Even if the defense had objected to the victim's in-court identification of the appellant, we see no error in its admission. Accepting, for the sake of argument, the contention that the pretrial photo display was suggestive, we cannot say that it resulted in a substantial likelihood of irreparable misidentification. We have examined the record and conclude that, under all the circumstances, there was ample evidence of reliability of the in-court identification independent of the pretrial identification. See *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Garcia v. State*, 626 S.W.2d 46 (Tex.Cr.App.1981).

The victim observed her attacker at close range in excellent lighting for a considerable length of time. As a rape victim, she was more than a casual observer. She testified that, at the time, she was consciously aware of the need to remember his features. She was certain in her identification of appellant, never failed to identify the appellant, and she never indicated that anyone else could have been her assailant. The time elapsed between the assault and the photo line-up at which the witness picked out the appellant was less than a week. The trial was just three months later. These circumstances sufficiently vouch for the accuracy of the in-court identification.

Appellant's ground of error is overruled. The trial court's judgment is affirmed.