# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00048-CR

**Ex parte Barlow Smith**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH DISTRICT
NO. 42272A, HONORABLE EVAN C. STUBBS, JUDGE PRESIDING**

## MEMORANDUM OPINION

Barlow Smith appeals the district court's order denying his application for writ of habeas corpus in which he sought relief from his conviction for fraudulent delivery of a controlled substance. Smith, who was a doctor and a licensed attorney, acted pro se at trial and now contends that he provided himself with ineffective assistance of counsel. He also contends that the district court erred by not considering evidence outside the record supporting the claims of ineffective assistance. We will affirm the denial of the application.

## BACKGROUND

Smith was charged by indictment with three counts of fraudulent delivery of a controlled substance. *See* Tex. Health & Safety Code § 481.129. He proceeded to trial, but after a jury was empaneled and the State's evidence began, he decided to accept a plea bargain in which he pled guilty to the first count of the indictment and the State waived the remaining two counts. Smith stated on the record that he had read and understood his guilty plea; that he was a licensed attorney and understood the effect of the document; that he had signed it freely and voluntarily; that he had

received all discovery; that he understood he was waiving his right to proceed with a jury trial, his right to file a motion for new trial, and his right to appeal; that the plea was in his best interest; that he "was in entire agreement with" allowing all trial exhibits to be returned and not retained by the court reporter; that he was not claiming to be incompetent; that he had not been forced, threatened, coerced, or promised anything other than the agreement to secure his plea of guilty; and that, "I'm pleading guilty because I am guilty." Based on these affirmations the district court accepted Smith's plea, ordered a presentence investigation, and set a sentencing hearing for the following month. One week before sentencing, Smith filed a motion to withdraw his guilty plea, alleging that he provided himself with ineffective assistance of counsel.[1] The court denied Smith's motion and sentenced him to five years' imprisonment, suspending imposition of the sentence, and placing him on community supervision for ten years. The court ordered Smith to spend fifteen days in the Burnet County Jail as a condition of his community supervision.

Smith then filed an application for writ of habeas corpus contending, as he did in his motion to withdraw his guilty plea, that he provided himself with ineffective assistance of counsel because he was on prescription medication for asthma that impaired his thinking. The trial court denied the application and issued findings of fact stating that Smith's ineffective assistance allegations were unfounded, that his plea was freely and voluntarily made, and that his application as a whole was frivolous. This appeal followed.

---

[1] Smith's motion also contended that he pled guilty to a "nonexistent crime" because the heading of his indictment referred to the Penal Code instead of the Health and Safety Code (but cited the correct section number for fraudulent delivery of a controlled substance). Smith did not pursue that contention in his habeas application.

**DISCUSSION**

An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. art. 11.072. We defer almost completely to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We use the same deference when reviewing the habeas court's application of law to fact questions if the resolution of those determinations rests upon an evaluation of credibility and demeanor. *Id.* If the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's determination de novo. *Id.*

Smith contends in his first three issues that he is entitled to habeas relief because he provided himself with ineffective assistance of counsel and that his ineffectiveness: (1) caused him to accept a plea of guilty; (2) rendered his plea of guilty involuntary and "not knowingly made due to his impaired thinking as his own lawyer"; and (3) prevented him from establishing his innocence. However, the Texas Court of Criminal Appeals has concluded that when a defendant opts to represent himself at trial, he may not thereafter complain that he received ineffective assistance of counsel. *Robinson v. State*, 16 S.W.3d 808, 813 n.6 (Tex. Crim. App. 2000) (citing *Faretta v. California*, 422 U.S. 806, 835 (1975) and noting that "it is axiomatic that a defendant who chooses to forgo the assistance of counsel and represent himself at his trial also necessarily waives his right to complain on appeal that he was rendered ineffective assistance"); *Martin v. State*, 630 S.W.2d 952, 956-57 (Tex. Crim. App. 1982) ("When an accused elects to represent himself he cannot

complain that the quality of his own defense amounted to denial of effective assistance of counsel." (quoting *Williams v. State*, 549 S.W.2d 183, 189 (Tex. Crim. App. 1977))). Smith contends that the precedents holding that a defendant may not complain of ineffective assistance of counsel when he represented himself "properly appl[y] to non-lawyer defendants." We find no case law or persuasive logic to support that distinction, and we overrule Smith's first three issues.

In his last two issues, Smith contends that the district court erred by not considering evidence outside the record that Smith offered to support his claims of ineffective assistance. However, because we have already determined that Smith may not raise an ineffective-assistance-of-counsel complaint based on his representation of himself at trial, any error based on the refusal to consider evidence outside the record allegedly supporting his ineffective-assistance complaint is harmless. We overrule Smith's last two issues.

## CONCLUSION

We affirm the district court's order denying Smith's application for habeas corpus relief.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: October 12, 2016

Do Not Publish

4