**Reversed and Rendered and Opinion filed March 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00872-CR

---

## EX PARTE TUAN THANH PHAM

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1431816-A**

---

## OPINION

Tuan Thanh Pham waived his right to counsel and pleaded no contest to a third-degree felony. He was placed on community supervision, and then he learned that, as a consequence of his plea, he would be unable to reinstate a professional license. Pham applied for habeas corpus relief and sought to set aside the order imposing community supervision, arguing primarily that his plea had not been knowing and voluntary because he did not understand its nature and consequences. The State opposed the application, but the habeas court granted it, and now the State brings this appeal. For the reasons given below, we conclude that the habeas court abused its discretion.

# BACKGROUND

Pham was a licensed dentist, and due to a professional complaint, the Texas State Board of Dental Examiners initiated a disciplinary action against him. The disciplinary action focused largely on Pham's failure to keep and maintain certain records, and his failure to complete orthodontic treatment for two of his patients.

The disciplinary action ended with a warning and settlement in April 2013. Among the terms of the settlement, Pham agreed to pay an administrative fine to the Board, as well as restitution to the guardians of the two patients for whom he had failed to complete orthodontic treatment.

The administrative fine was due within six months of the settlement order, but the restitution was due within thirty days. Pham timely paid the administrative fine, but not the restitution. Pham made periodic payments towards the restitution instead, and he believed, incorrectly, that the administrative fine would be credited towards the restitution.

Because Pham had not complied with the terms of the settlement order, the Board scheduled a hearing in October 2013 before the State Office of Administrative Hearings. Pham did not appear for that hearing. In February 2014, the Board formally revoked Pham's license to practice dentistry.

The Board subsequently learned that Pham continued to prescribe medications to his patients between March and May 2014. The Board referred the matter to local authorities, who enlisted a confidential informant to appear before Pham as a patient. As a result of that sting operation, Pham was arrested in June 2014 and indicted for unlawfully practicing dentistry without a license.

Pham allegedly retained a lawyer to represent him, but the lawyer never made any appearances or took any action on Pham's behalf. Following many delays and

case resets, Pham moved to represent himself. After a *Faretta* hearing in December 2014, the trial court granted that motion.

In February 2015, Pham pleaded no contest to the charge against him in exchange for the State's recommendation that the trial court should defer an adjudication of guilt. The trial court accepted that recommendation and placed Pham on community supervision for a period of two years.

Because Pham waived the making of a record, the plea hearing was not transcribed. And at the time that Pham made his plea, he did not receive an admonishment that his plea provided grounds for the Board to refuse to issue him a new license.

In September 2020, Pham sought to set aside his plea. With the assistance of new counsel, Pham filed an application for writ of habeas corpus, arguing that his plea was not knowing or voluntary because he did not understand that he had effectively pleaded guilty and that his plea had rendered him ineligible to practice dentistry. He also argued that he had received ineffective assistance of counsel.

The State responded that Pham's arguments must fail because the effect on his license was a non-punitive consequence, for which no admonishment was required. The State also argued that Pham's ignorance of the law did not entitle him to relief, and relatedly, that he could not claim ineffective assistance of counsel after he decided to represent himself.

Pham filed a supplemental memo, in which he clarified that his voluntariness argument was not based on a claim of ineffective assistance of counsel. He asserted instead that his claim of ineffectiveness was a stand-alone claim. He also added that his plea was involuntary because neither the prosecutor nor the trial court believed that the plea would restrict his ability to practice dentistry again.

The habeas court, relying on the affidavits, conducted a non-evidentiary hearing, where only arguments were considered. Following a recess, the habeas court issued findings of fact and conclusions of law in favor of Pham. The habeas court determined that Pham's plea was not voluntary because Pham did not understand that a plea of no contest was functionally equivalent to a plea of guilty, and because he did not understand that his plea would affect his professional practice. The habeas court did not make any findings or conclusions as to whether Pham had received ineffective assistance of counsel.

In a separate order, the habeas court granted Pham his requested relief. The State timely appealed from that order.

## STANDARD OF REVIEW

Pham applied for relief under Article 11.072, which provides that a person may challenge the legal validity of an order in which community supervision was imposed. *See* Tex. Code Crim. Proc. art. 11.072, § 2(b)(1). Pham alleged that his underlying order was legally invalid because his plea had not been knowing and voluntary. As the applicant below, Pham had the burden of proving that allegation by a preponderance of the evidence. *See Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). The habeas court decided that Pham had satisfied his burden, and we generally review that decision for an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 326 (Tex. Crim. App. 2006).

When considering whether the habeas court abused its discretion, we afford almost total deference to the habeas court's findings of fact when they are supported by the record, especially when those findings are based upon an evaluation of credibility and demeanor. *See Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). However, because the habeas court has no discretion to determine the applicable law, we afford no such deference to the habeas court's rulings on purely

4

legal questions or on mixed questions of law and fact not turning on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the habeas court is in no better position than this court to determine such matters, we review them de novo. *Id.*

## NATURE OF THE PLEA

In an effort to prove that he did not understand the nature of his plea, Pham referred to his plea paperwork, which contained a large number of handwritten modifications. For example, in some places of his paperwork, Pham scratched out the typewritten word "guilty" and he handwrote the words "no contest." In other places, he handwrote the words "plea no contest, not guilty"—an inherently ambiguous phrase that the trial court permitted without clarification.

Despite the ambiguity in the latter modification, Pham never argued in his habeas application that, at the time of his plea, he wished to plead not guilty and proceed to a full trial. Quite the opposite, Pham reiterated in his sworn declaration that he intended to plead no contest. Nevertheless, because he scratched out the word "guilty" and he otherwise drew a contrast to a plea of guilty in his plea paperwork, Pham argued that he did not mean to enter a plea that had the same legal effect as a plea of guilty, and that his unawareness of this legal effect rendered his plea of no contest involuntary.

The habeas court accepted Pham's argument and made the following findings of fact:

13.  The written plea admonishments reveal several areas where Dr. Pham crossed out the word "guilty" and wrote in "no contest, not guilty."

14.  Dr. Pham also circled "nolo contendere" and wrote in "no contest" throughout his plea paperwork.

5

15. The word "not guilty" appears 8 times within the 11 pages of written admonishments.

16. [Pham] also made other changes to his plea paperwork, including scratching out the phrase "AND JUDICIAL CONFESSION" on page 1, indicating that he was not making a judicial confession, and by scratching out the word "INTENTIONALLY" on page 1, indicating that he did not intentionally commit the crime of which he was charged.

17. [Pham] made 19 total handwritten changes to the plea paperwork before signing it.

The habeas court also made this conclusion of law: "[Pham's] plea was involuntary because he did not know a 'no contest' plea was functionally equivalent to a plea of 'guilty.'"

The State now challenges this conclusion, essentially arguing that Pham failed to prove that his unawareness was anything more than a "self-created legal misunderstanding." We agree with the State. Even if we credited all of the habeas court's findings of fact, none of them supports the conclusion that Pham's plea was involuntary.

Pham was warned of the dangers and disadvantages of self-representation, and by choosing to accept those risks, he assumed the responsibility of understanding the law for himself, and of applying it correctly. *See Williams v. State*, 549 S.W.2d 183, 186–87 (Tex. Crim. App. 1977) (holding that the rules of evidence, procedure, and substantive law are applied to all parties equally, and that no special allowances are given to defendants who freely and voluntarily waive their right to counsel). He also forfeited the right to complain about any mistakes he made along the way. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("A defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'").

6

As Pham correctly recognizes now, a plea of no contest (or nolo contendere, as it is more formally known in our statutes) has the same legal effect as a plea of guilty, except that a plea of no contest may not be used against the defendant as an admission in certain civil suits. *See* Tex. Code Crim. Proc. art. 27.02(5). The trial court was under no obligation to advise Pham about this functional equivalence. *See Flores-Alonzo v. State*, 460 S.W.3d 197, 201 (Tex. App.—Texarkana 2015, no pet.) ("A trial court is not required to admonish the defendant that a plea of no contest has the same legal effect as a plea of guilty."). Because he elected to proceed pro se, Pham was tasked with discovering that functional equivalence for himself. His failure to do so provided no grounds for the habeas court to conclude that his plea had been involuntary. *Cf. State v. Guerrero*, 400 S.W.3d 576, 587 (Tex. Crim. App. 2013) (a pro se defendant could not show that his plea was involuntary based on his ignorance of an issue for which no admonishment was required).

## CONSEQUENCES OF THE PLEA

The habeas court made several additional findings of fact, and broadly speaking, those findings established that Pham entered his plea of no contest under the mistaken belief that he would be able to reinstate his dental license after completing his community supervision. We reproduce the key findings here:

6.     [Pham] contends that he worked with [the Board] and [the prosecutor] to ensure that any deal that was reached in the criminal case would result in his being able to reinstate his license after he resolved the issues with the Board.

7.     Although [the prosecutor] does not specifically recall these discussions, he does know that if the deal with [Pham] included never being licensed again it would have been included in his file; which it is not.

9.     [Pham] swears in his affidavit at the time that he believed that the quickest way to get back to working as a dentist was to enter

7

into the deferred, pay restitution and after [completion] he could get his license back.

11. In addition, [Pham's] Exhibit 17 indicates that [there] were discussions about reinstatement of his license as a primary concern of his at the time he negotiated the plea with the prosecutor.

19. There is no record stating that Dr. Pham was advised as to the lifetime ban on the re-instatement of his license to practice dentistry, which was a consequence of his plea.

20. [The prosecutor] made clear in his affidavit that he believes a lifetime ban on Pham's ability to practice dentistry would be a "dramatic step" that "would need to be stated clearly," and that if he did not state the following then he "unintentionally errored" in his paperwork and that it should be "left up to the court to decide."[1]

After these findings, the habeas court made the following conclusion of law: "[Pham's] plea of [no contest] was not voluntary because he was not aware of the consequences of his plea; specifically, that he could never reinstate his license to practice dentistry if he entered a plea of [no contest] to the charges."

The State challenges this conclusion and argues that Pham's plea was voluntary, even if Pham had been unaware that he would be unable to practice his chosen profession. We agree with the State. Assuming for the sake of argument that the habeas court's findings are supported by the record, we conclude that they do not establish that Pham is entitled to habeas relief.

A trial court cannot accept a plea of no contest unless the plea is free and voluntary. *See* Tex. Code Crim. Proc. art. 26.13(b). A plea is voluntary if (1) the defendant is fully aware of the direct and punitive consequences of the plea,

_____

[1] The quoted phrases "unintentionally errored" and "left up to the court to decide" do not appear anywhere in the prosecutor's sworn declaration, and our search of the record has not otherwise revealed their source.

including the actual value of any commitments made to him by the trial court, prosecutor, or his own counsel; and (2) the plea is not induced by threats, misrepresentations, or improper promises. *See Brady v. United States*, 397 U.S. 742, 755 (1970); *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004). We presume that a plea is voluntary under this standard so long as the defendant has been admonished of his constitutional rights, if he has knowingly and voluntarily waived those rights, and if he has received his warnings under Article 26.13. *See Mitschke*, 129 S.W.3d at 136.

The warnings under Article 26.13 cover a variety of subjects and consequences, including the range of punishment, the possibility of deportation, and the possibility of having to register as a sex offender. *See* Tex. Code Crim. Proc. art. 26.13(a). They make no mention, however, about the possibility of becoming ineligible for professional licenses.

Because Pham waived the making of record at his plea hearing, we have no transcript affirmatively showing that Pham knowingly and voluntarily waived his constitutional rights or that he received his required warnings. However, the order imposing community supervision recites that Pham waived his rights and received all of the admonishments required by law. The plea paperwork also recites that Pham was duly admonished. In the absence of a transcript, we presume that these recitals are correct. *See Guerrero*, 400 S.W.3d at 583.

Pham did not challenge any of the recitals, and the habeas court made no finding that the recitals were incorrect. Thus, if we must presume that the recitals are correct, then we must further presume that Pham's plea was voluntary. *See Mitschke*, 129 S.W.3d at 136. The burden accordingly fell to Pham to rebut that presumption. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam).

In his effort to overcome the presumption, Pham did not argue in his habeas application that either the prosecutor or the trial court induced his plea through threats, misrepresentations, or improper promises. His evidence did not raise any such theory either. Instead, Pham argued that he rebutted the presumption of voluntariness because he did not understand that, as a consequence of his plea, he would be unable to reinstate his dental license.

This argument suffers from the same flaw as before. Because Pham elected to proceed pro se, he was expected to discover for himself that certain consequences would result from his plea. Pham's failure to understand that he would become ineligible for a dental license did not render his plea involuntary, unless the trial court was required to admonish him of that consequence sua sponte.

Pham has not specifically argued that the trial court was required to administer such an admonishment. Our body of law does not support such a requirement either.

"A trial court is not required to admonish a defendant about every possible consequence of his plea." *Mitschke*, 129 S.W.3d at 136. Rather, a trial court is required to admonish a defendant "only about those direct consequences that are punitive in nature or specifically enunciated in the law." *Id.*

Pham has not cited to any authority showing that an admonishment about the ineligibility for professional licenses is specifically enunciated in the law. Nor has Pham has cited to any authority showing that his ineligibility for a dental license is a direct consequence of pleading no contest to the charged offense. Even if Pham could show that his ineligibility for a dental license was direct, we are bound by case law that unmistakably holds that such a consequence is non-punitive in nature. *Id.* at 135 ("There are a number of direct consequences of a plea of guilty, such as . . . ineligibility for certain professional licenses, etc., that do not necessarily render an otherwise voluntary plea involuntary by the failure of the trial court to

10

admonish of each of those direct, non-punitive consequences."); *accord State v. Collazo*, 264 S.W.3d 121, 128 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that a habeas applicant was not entitled to set aside his guilty plea on the grounds that he had not been admonished that he would be unable to obtain a professional license). Because the trial court was not required to admonish Pham of this non-punitive consequence, Pham assumed the responsibility of apprising himself of the consequence when he made the free decision to elect self-representation. Pham did not become aware of the consequence by the time he entered his plea, but this unawareness did not render the plea involuntary. *See Guerrero*, 400 S.W.3d at 587. The habeas court abused its discretion by holding otherwise.[2]

## CONCLUSION

The judgment of the habeas court is reversed and judgment is rendered denying Pham's application for writ of habeas corpus.


/s/     Tracy Christopher
          Chief Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.
Publish – Tex. R. App. P. 47.2(b).

---

[2] The habeas court did not specifically find that Pham's original counsel was ineffective. However, Pham continues to assert in his appellee's brief that his counsel had been ineffective. To whatever extent that Pham argues that the habeas court's grant of relief is supportable on a theory of ineffective assistance of counsel, that argument is not persuasive. *See Robinson v. State*, 16 S.W.3d 808, 813 n.6 (Tex. Crim. App. 2000) ("It is axiomatic that a defendant who chooses to forgo the assistance of counsel and represent himself at his trial also necessarily waives the right to complain on appeal that he was rendered ineffective assistance.").