**Henry Columbus BROADHEAD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40288.**

Court of Criminal Appeals of Texas.

April 19, 1967.

Rehearing Denied May 31, 1967.

Stephenson, Thompson & Morris by James A. Morris, Orange, (on appeal only), for appellant.

W. C. Lindsey, Dist. Atty., Thomas L. Hanna, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, two years.

Trial was held subsequent to January 1, 1966.

In his brief filed in the trial court appellant contends that the evidence is insufficient to sustain the verdict.

The evidence viewed from the standpoint most favorable to the jury's verdict shows that appellant's wife and the complainant had at times lived together, both in Texas and California, over a period of a year. On August 18, 1965, appellant reclaimed his pistol from a pawnshop, bought ammunition for it, and proceeded to the L & M Cafe in Beaumont where he observed his wife and the complainant sitting in a booth. He bought a package of gum, telling the woman behind the counter: "I am fixing to get it." He immediately turned around and fired a shot at the complainant, and then fired another shot after the complainant had fallen to the floor.

After firing the second shot, appellant stated: "Now you won't get to take my wife back to California." Appellant then told the cafe manager to call the police, and proceeded to a bar across the street.

Both shots hit the complainant in the back, resulting in his total paralysis from the waist down.

With regard to appellant's intent to kill the complainant, Mrs. Doris Peveto testified that she accompanied appellant when he purchased the pistol used in the shooting, and was told by him immediately following the purchase that he hoped he could catch his wife and the complainant in bed together as "he would kill both of them."

Officer Istre testified that appellant came to his office on August 2, 1965, and told him, among other things, that he had a pistol and if the complainant returned to Orange he was going to kill him.

Appellant testified that when he saw the complainant in the cafe he thought he was reaching for a gun, and fired to defend himself; but he also admitted on cross-exami-

nation that when he fired the second shot he intended to kill the complainant.

■ The jury resolved the issues of fact against appellant and the evidence is sufficient to sustain the conviction.

■ Appellant's next contention is that testimony regarding the purchase of a pistol by appellant was highly prejudicial and constituted reversible error because it placed the "erroneous inference" before the jury that appellant had purchased the pistol for the purpose of shooting the complainant. Such error, if any, is not before this Court for review. There was no objection to the introduction of this evidence and appellant testified on direct examination concerning the purchase of the pistol. Huggins v. State, Tex.Cr.App., 293 S.W.2d 779; McLarty v. State, Tex.Cr.App., 302 S.W.2d 420.

Appellant complains that an aggravated assault count was erroneously included in the indictment. No motion to quash or exception to the indictment was filed. The State abandoned the second count of the indictment and only the count alleging assault with intent to murder was submitted.

Appellant's next contention is that the indictment was not read to the jury.

The docket sheet of the trial court, reproduced in the appellate record, has the following entry: "Jury sworn in at 2 P.M. Indictment read; defendant entered Plea of Not Guilty. Rule invoked. Testimony begun at 2:03 P.M."

The contentions relating to the form of the indictment and the reading of it to the jury are overruled.

■ After four hours of deliberation by the jury, the foreman sent a note to the trial judge stating that the jury members were unable to reach agreement at that time on the degree of guilt of the defendant and that it appeared that a unanimous verdict could not be reached. The trial judge sent back a note stating: "You are instructed to continue your deliberations." Appellant's contention that the court's instructions coerced the jury is overruled. Schumacker v. State, Tex.Cr.App., 106 S.W.2d 305.

The judgment is affirmed.