Ronnie WEEDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46795.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Rehearing Denied Dec. 5, 1973.

Marvin O. Teague (On appeal only), Houston, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, ten (10) years.

The sufficiency of the evidence both to support the conviction and to show malice is challenged by grounds of error twelve and thirteen.

The State's evidence consisted primarily in what was found at the scene of this double murder, as analyzed and explained by expert witnesses and the declarations made by appellant to the officers who arrived in answer to a call.

According to Officer Singleton appellant told him "that he had shot and killed George McGann, possibly with both guns."

The bodies of both George McGann (the deceased named in this indictment) and Mike Meshell were found dead on the floor of appellant's home. Meshell had been shot twice. McGann had been shot four times. In their investigation the officers found five .38 caliber bullets and an empty five-shot .38 caliber pistol that fired the bullets. They also found a .45 caliber bullet and the .45 caliber pistol that fired it. The .45 bullet was found under McGann's body, where the floor tile was indented in the shape of the bullet.

The State's expert witness, a chemist, testified, on the basis of powder burns, that the bullets penetrating McGann's body were fired from a distance of three to five feet.

■ We conclude that the evidence is sufficient to support the conviction. With respect to malice, it may be inferred from the use of a deadly weapon. Jones v. State, Tex.Cr.App., 472 S.W.2d 515; Tsamouris v. State, Tex.Cr.App., 472 S.W.2d 141; Hart v. State, Tex.Cr.App., 455 S.W.2d 237; Redd v. State, Tex.Cr.App., 452 S.W.2d 919; Howard v. United States, 128 U.S.App.D.C. 336, 389 F.2d 287 (1967).

In grounds of error numbers one through six, appellant complains of the testimony of Ranger Singleton relating to his conversation with appellant when arriving at appellant's home where he had gone to assist local officers in the investigation. At the moment of arrival the investigation had not centered on anyone and no one was in custody. He first spoke to the local officers who were present at the residence, observed two dead bodies, and then was approached by appellant, whom he knew. Appellant first said, "I would like to talk to you in private." The two of them then stepped into another room and appellant said he "could clear this matter up". At that juncture the ranger told appellant "he didn't have to make any statement and he could have an attorney if he so desired." Appellant asked, "Would I need one?" The ranger asked if he had contacted an attorney. Appellant said he had tried to contact Mr. Phil Brummett (a local lawyer) and was unable to do so and had contacted a lawyer in Houston. According to the ranger, without further questioning appellant stated at that time, "that during his excitement he had shot and killed George McGann [the deceased] possibly with both guns." After this conversation appellant left the room and the ranger continued in the investigation.

Before discussing the admissibility of the above statements, we observe that unlike the normal case the testimony did not stop at this juncture; rather appellant was able to develop on cross-examination of Officer Singleton for approximately 150 pages his entire defensive theory of self-defense.

■ We return to the questioned testimony and conclude that appellant was not under arrest or in custody, nor was he de-

prived of freedom of movement in any significant manner at the time of the above conversation. This conversation occurred on September 29, 1970, and appellant was not arrested until March 15, 1971. It, therefore, follows that these statements were not admitted in violation of the terms of Art. 38.22, Vernon's Ann.C.C.P., or the holding in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ By his seventh and eighth grounds of error, appellant complains of the introduction of certain photographs of the dead bodies found at the scene. These exhibits, as far as we can determine, pictured bodies and some of the wounds inflicted. The photographs, according to the testimony, do not reflect the results of an autopsy as in Terry v. State, Tex.Cr.App., 491 S.W.2d 161. In Martin v. State, Tex.Cr.App., 475 S.W.2d 265, this Court held that a verbal description of a body and its wounds would be admissible and a photograph depicting the same would be admissible, overruling prior decisions in conflict therewith. See also Fields v. State, Tex.Cr.App., 500 S.W. 2d 500, Byrd v. State, Tex.Cr.App., 495 S.W.2d 226, Foster v. State, Tex.Cr.App., 493 S.W.2d 812, and Lanham v. State, Tex. Cr.App., 474 S.W.2d 197.

■ In his brief, appellant for the first time complains of the legibility of the photostatic copies which appear in the record and asks this Court to have the trial court send the originals to us by virtue of Sec. 15 of Art. 40.09, V.A.C.C.P. We note that appellant failed to comply with Sec. 7 of Art. 40.09, supra, which requires that he file an objection to the record in the trial court before the approval of the record by the trial judge.[1]

■ By ground of error number nine, appellant contends that error was committed when the State was permitted to cross-examine the defense witness Perry concerning an extraneous offense involv-

ing gambling. Perry was asked about appellant's business and replied that he was not in any business at the time of the homicide. Upon further questioning he stated that some weeks before appellant's business at the house was "gaming" and that "there was gambling going on in the house". When the State asked the further question about "what type of gambling" the court sustained the objection and the jury was instructed not to "consider that for any purpose" and the prosecutor was told to proceed no further. Appellant received a favorable ruling and requested no further relief. Nothing is presented for review. Cazares v. State, Tex.Cr.App., 488 S.W.2d 110.

By ground of error number ten, complaint is made of questions propounded to appellant on cross-examination concerning his line of business. He stated that in addition to the automobile business he had some clubs and finally that "I gambled there" at the house. When for the first time the objection was interposed that this constituted proof of an extraneous offense the court sustained the objection and no further relief was requested. No error has been shown. Cazares v. State, supra.

■ Ground of error number eleven complains of the court's failure to grant a mistrial when the witness Singleton testified that he was looking for a hidden panel in the wall at appellant's home. Prior to this questioning Singleton had told appellant's counsel that he had been to appellant's home looking for a hidden panel. Appellant may not complain of testimony which he has introduced. Williams v. State, Tex.Cr.App., 464 S.W.2d 842, Art. 38.24, V.A.C.C.P.

■ Ground of error number fourteen complains "that the evidence is insufficient in that it shows self-defense as a matter of law". In the case at bar, appellant was able to develop from the witness Singleton

1. This Court has full authority to send for photographs. Also, trial courts should not send photostatic copies to this Court which are not legible.

on his cross-examination of said witness most of the matters upon which he relies to show that he acted in his own self-defense. However, the rule set forth in Bell v. State, Tex.Cr.App., 434 S.W.2d 684, seems to be that "such testimony of the State's witness on cross-examination is not binding on the State".

Appellant cites no authority, but we observe that recently in Whitfield v. State, Tex.Cr.App., 492 S.W.2d 502, we held in effect that for an appellate court to say that the evidence showed self-defense as a matter of law the evidence must be uncontroverted and no issue thereon presented for the jury's determination. An issue of fact was raised for the jury's determination. Therefore, we cannot hold that self-defense was shown as a matter of law.

■ Ground of error number fifteen contends that the evidence is insufficient as a matter of law because the State failed to disprove exculpatory statements made by the witness Singleton on direct examination that appellant had told him "that during his excitement he had shot and killed George McGann possibly with both guns" and testimony of Officer Cooper that appellant had told him "there had been a double shooting out there. These men shot each other."

As to Singleton's testimony, we hold this statement not to be exculpatory.

As to Cooper, we observe that not until appellant had testified did Cooper testify in rebuttal as to the statement set out above.

We note from Otts v. State, 135 Tex. Cr.R. 28, 116 S.W.2d 1084, the following:

"Another exception which should cause no trouble is where the State does not introduce the confession or admission containing the exculpatory statements in developing its case in chief, but offers same to contradict or impeach accused where he has testified as a witness, or where it fairly appears that the confession is not relied on for a conviction, but is offered to break down some defensive theory which has come into the case. . . ."

We find no basis for holding that the trial court was required to give any instructions regarding the effect of the exculpatory statements.

■ In his final ground of error, appellant contends that the trial court erred in overruling appellant's first motion for continuance on grounds of the absence of a witness. Attached to appellant's motion for new trial is an unsigned affidavit prepared for one Frances Keith. This is not sufficient to require the granting of a new trial. Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916.

Finding no reversible error, the judgment is affirmed.