Dugan Edward NICKENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 57034.

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1980.

Rehearing Denied Sept. 17, 1980.

Paul Brauchle, Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, C. Wayne Huff, Gerry L. Holden, Karen Beverly, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

This appeal is from a conviction for rape of a child with appellant's punishment assessed at twelve (12) years' imprisonment. Our prior opinion 576 S.W.2d 91 (Tex.Cr. App.) is withdrawn. By per curiam opinion,

on January 17, 1979, we overruled appellant's contention that the prosecutor's jury argument constituted a comment on appellant's failure to testify, because the comment did not *necessarily* refer to appellant. Upon re–examination of the evidence adduced at trial, we conclude that we were in error.

The prosecutrix, appellant's 13–year–old daughter, was living with appellant and his second wife, Jeannie. She testified that on the date of the offense, Jeannie came to her bedroom and told her to go into appellant's bedroom. The prosecutrix testified that she did so, and that after she did, her father started "bothering" her and thereafter had sexual intercourse with her.

At trial, only two other witnesses testified besides the prosecutrix. Police Officer Dana Franklin testified that he had a conversation with the prosecutrix's sister and that he arrested appellant. Antoinette Hernandez, Deputy District Clerk, testified concerning the date which the indictment was filed. This was the sum total of the State's case against appellant. Appellant presented no evidence whatsoever.

During his argument to the jury at the guilt or innocence phase of the trial, the prosecutor argued that the prosecutrix was worthy of belief, and stated:

". . . Now ask yourself that, what does that little girl have to gain or lose by coming in here and telling you a lie? Now, she didn't have to do it. What does she have to gain or lose? Can you think of anything? She is no longer staying with her father any more. She wants to go back to her mother and she is already there. What reason did she have to tell this jury anything but the truth?

I said I'd ask for a little understanding. Now, ladies and gentlemen, *there are only two real witnesses to this case. The little girl came in here and told you what happened. There is no other witness to it. Either you believe her* —

MR. BRAUCHLE (defense counsel): We object to this argument by the State's Attorney in that it goes to the Defendant's failure, to testify.

\* \* \* \* \* \*

THE COURT: The Court has instructed the jury in its charge that they will not consider that for any purpose whatsoever of any evidence. I do not take it that that is what Counsel has in mind in his argument, Counsel.

MR. BRAUCHLE: Is our objection overruled?

THE COURT: Overruled."

(Emphasis added)

A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions as well as Article 38.-08, Vernon's Ann.C.C.P. *Pollard v. State*, 552 S.W.2d 475 (Tex.Cr.App.1977); *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975). The language of such a comment must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977); *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App. 1975); *McDaniel v. State*, 524 S.W.2d 68 (Tex.Cr.App.1975). The implication that the language used has reference to the appellant must be a necessary one in order for this Court to hold that the statement was a comment on the defendant's failure to testify. For an indirect comment such as this to constitute reversible error, it must call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. See *Griffin v. State*, supra; *Hicks v. State*, supra; *Koller v. State*, 518 S.W.2d 373 (Tex.Cr.App.1975); *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974).

In the instant case, the record reflects only two witnesses to the offense: the prosecutrix and appellant. The prosecutrix testified; appellant did not. There is no testimony that Jeannie, appellant's wife, was present or nearby during the commission of the offense, nor is there any testimony from which we might infer that she was. The only mention at trial of a third person was that Jeannie came and got the prosecutrix and told her to go to her father's bedroom. Given this state of the record, we can only

conclude that the comment by the prosecutor was *necessarily* a reference to appellant's failure to testify. Thus, the trial court erred in overruling appellant's objection. Such error requires reversal. See *Bird v. State*, supra; *Hicks v. State*, supra; *McDaniel v. State*, supra; *Koller v. State*, supra.

Appellant's motion for rehearing is granted; the judgment is reversed and the cause remanded.

ONION, P. J., dissents.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

The State in its motion for rehearing urges that the complained of jury argument was invited. Attention is called to the argument of appellant's counsel that the State had not called the prosecutrix's natural mother who could have corroborated the prosecutrix by testifying that the prosecutrix had reported the matter "back in November," that there was no medical evidence to show the prosecutrix was not a virgin, that the only evidence heard was from a fourteen year old girl, that while a conviction could be had on the testimony of one witness that witness had to be a believable witness, that the State had failed to prove its case. "They haven't brought you any of these people to show you that these events actually happened."

In response to such argument that the state was relying on one witness and she was not credible, the prosecutor told the jury that appellant's counsel was correct, he (the prosecutor) had not called the girl's mother and had not offered medical testimony because a doctor could not say for sure whether anyone was a virgin or not. He then argued:

"Now, it comes down, ladies and gentlemen—I'm really about finished—to this: What does that little girl have to gain by lying about what her father did to her? This really is the most important thing you have to consider. What does she gain by telling the Police Department about what happened and coming in here and telling you about it? Does she get out of the house by doing it? Well, the Officer testified that Dugan over here was already in jail. Is that what she gets from it? Why would she have any reason to come down here and tell you a lie about what happened out there? Now, ask yourself that, what does that little girl have to gain or lose by coming in here and telling you a lie? Now, she didn't have to do it. What does she have to gain or lose? Can you think of anything? She is no longer staying with her father any more. She wants to go back to her mother and she is already there. What reason did she have to tell this Jury anything but the truth?

"I said I'd ask for a little understanding. Now, ladies and gentlemen, there are only two real witnesses to this case. The little girl came in here and told you what happened. There is no other witness to it. Either you believe her—

"MR. BRAUCHLE (Defense Counsel): We object to this argument by the State's Attorney in that it goes to Defendant's failure to testify.

"THE COURT: Approach the bench, Counsel.

"(Whereupon, an off–the–record discussion was held at the bench out of the hearing of the Court Reporter and Jury.)

"MR. BRAUCHLE: Your Honor, we would object to the State's argument in that it goes to the Defendant's failure to testify.

"THE COURT: The Court has instructed the Jury in its charge that they will not consider that for any purpose whatsoever of any evidence. I do not take it that that is what Counsel has in mind in his argument, Counsel.

"MR. BRAUCHLE: Is our objection overruled?

"THE COURT: Overruled.

"MR. BRAUCHLE: Note our exception.

"MR. HUFF (Prosecutor): The issue before you is whether you're going to believe it or disbelieve it. I tell you, and it is a reasonable deduction from the evidence, that that little girl came in here and told you the truth the way she saw it."

■ It is basic and fundamental law in this State that the failure of an accused to testify may not be the subject of comment by the prosecution. Such comment is in violation of the privilege against self-incrimination contained in Article I, § 10 of the Texas Constitution, and in express violation of Article 38.08, V.A.C.C.P. *Bird v. State,* 527 S.W.2d 891, 893 (Tex.Cr.App. 1975), and cases there cited.

Further, a comment on an accused's failure to testify also presents a federal constitutional question as the same has been held violative of the self–incrimination clause of the Fifth Amendment, which is made applicable to the states by virtue of the Fourteenth Amendment. See *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1965); *Fontaine v. California,* 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968).

It is also well settled in this state that for the argument or comment to offend against the statute (Article 38.08, supra) the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the accused's failure to testify must be a necessary one. *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App.1975). It is not sufficient that language might be construed as an implied or indirect allusion thereto. *Bird v. State,* supra, and cases there cited; *Pollard v. State,* 552 S.W.2d 475 (Tex.Cr.App.1977).

The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a com-

ment on the accused's failure to testify. See *Bird v. State,* supra, and cases cited. In applying this test, the facts and circumstances of each case must be analyzed to determine whether the language used was of such character. *Overstreet v. State,* 470 S.W.2d 653 (Tex.Cr.App.1971); *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr.App.1967).

■ The appellant argued the State was relying for conviction upon the testimony of one witness who was not believable. The State responded to such argument during the course of which the prosecutor made the complained of argument, which was interrupted in mid–sentence and never finished. Taken in the context in which it was made, the language used was not manifestly intended or of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify.[1] The trial judge who heard the argument stated in the jury's presence he did not take it as a comment on the accused's failure to testify and noted he had instructed the jury that they were not to consider the appellant's failure to testify for any purpose. While it may have been better for the trial judge to have sustained the objection and instructed the jury to disregard the argument, we cannot agree, under the circumstances of this case, that reversible error was committed. This case was properly disposed of by the original panel opinion. The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.

W. C. DAVIS, Judge, dissenting.

I concur in the dissenting opinion of Judge Clinton, and agree that the argument of the prosecutor was *not* invited. I remain convinced of the soundness of my position that the prosecutor's comment on appellant's failure to testify is reversible error.

The prosecutrix, appellant's 13–year–old daughter, was living with appellant and his

---

1. It has long been held that an indirect allusion to the failure of a defendant to testify does not constitute reversible error. *Vickers v. State,* 75 Tex.Cr.R. 12, 169 S.W. 669 (1914). For indirect comments with respect to the failure of the

defense to offer evidence to constitute reversible error, they must call for denial of assertion that only the defendant is in position to offer. *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr.App. 1974).

second wife, Jeannie. She testified that on the date of the offense, Jeannie came to her bedroom and told her to go into appellant's bedroom. The prosecutrix testified that she did so, and that after she did, her father started "bothering" her and thereafter had sexual intercourse with her.

At trial, only two other witnesses testified besides the prosecutrix. Police Officer Dana Franklin testified that he had a conversation with the prosecutrix's sister and that he arrested appellant. Antoinette Hernandez, Deputy District Clerk, testified concerning the date which the indictment was filed. This was the sum total of the State's case against appellant. Appellant presented no evidence whatsoever.

During his argument to the jury at the guilt or innocence phase of the trial, the prosecutor argued that the prosecutrix was worthy of belief, and stated:

". . . Now ask yourself that, what does that little girl have to gain or lose by coming in here and telling you a lie? Now, she didn't have to do it. What does she have to gain or lose? Can you think of anything? She is no longer staying with her father any more. She wants to go back to her mother and she is already there. What reason did she have to tell this jury anything but the truth?

I said I'd ask for a little understanding. Now, ladies and gentlemen, *there are only two real witnesses to this case. The little girl came in here and told you what happened. There is no other witness to it. Either you believe her —*

MR. BRAUCHLE (defense counsel): We object to this argument by the State's Attorney in that it goes to the Defendant's failure to testify.

\*　\*　\*　\*　\*　\*

THE COURT: The Court has instructed the jury in its charge that they will not consider that for any purpose whatsoever of any evidence. I do not take it that that is what Counsel has in mind in his argument, Counsel.

MR. BRAUCHLE: Is our objection overruled?

THE COURT: Overruled."

(Emphasis added)

A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions as well as Article 38.-08, Vernon's Ann.C.C.P. *Pollard v. State,* 552 S.W.2d 475 (Tex.Cr.App.1977); *Bird v. State,* 527 S.W.2d 891 (Tex.Cr.App.1975). The language of such a comment must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Griffin v. State,* 554 S.W.2d 688 (Tex.Cr.App.1977); *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App. 1975); *McDaniel v. State,* 524 S.W.2d 68 (Tex.Cr.App.1975). The implication that the language used has reference to the appellant must be a necessary one in order for this Court to hold that the statement was a comment on the defendant's failure to testify. For an indirect comment such as this to constitute reversible error, it must call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. See *Griffin v. State,* supra; *Hicks v. State,* supra; *Koller v. State,* 518 S.W.2d 373 (Tex.Cr.App.1975); *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr.App.1974).

In the instant case, the record reflects only two witnesses to the offense: the prosecutrix and appellant. The prosecutrix testified; appellant did not. There is no testimony that Jeannie, appellant's wife, was present or nearby during the commission of the offense, nor is there any testimony from which we might infer that she was. The only mention at trial of a third person was that Jeannie came and got the prosecutrix and told her to go to her father's bedroom. Given this state of the record, we can only conclude that the comment by the prosecutor was *necessarily* a reference to appellant's failure to testify. Thus, the trial court erred in overruling appellant's objection. Since the error was not invited, such error requires reversal. See *Bird v. State,* supra; *Hicks v. State,* supra; *McDaniel v. State,* supra; *Koller v. State,* supra.

The State's motion for rehearing should be overruled and the judgment should be reversed and remanded. I dissent.

ROBERTS, J., joins in this dissent.

CLINTON, Judge, dissenting.

On original submission a panel of the Court affirmed judgment of conviction for the offense of rape of a child in a per curiam opinion delivered on January 17, 1979, overruling, inter alia, the contention that the prosecutor commented on the failure of appellant to testify at trial. This per curiam affirmance was later withdrawn, appellant's motion for rehearing granted, and the judgment reversed on the grounds that the prosecutor's comments during final argument constituted a necessary reference to appellant's failure to take the stand. The cause is now under consideration for the third time, I understood, because of the State's vigorous contention that the prosecutor's comment was invited by earlier defense argument.[1] For reasons more fully developed below, I remain convinced that this conviction must be reversed in light of the prosecutor's comments.[2]

The complainant, appellant's 13 year old daughter, testified that she went to live with appellant and his second wife, Jeannie, in July of 1976. On or about July 31 of that year, Jeannie came to the complainant's bedroom and told her to go to appellant's bedroom. She complied with the request, got into bed with appellant and, after he began to "bother" her, appellant had sexual intercourse with her. Neither Jeannie, who did not enter the bedroom, nor appellant testified.

Aside from the testimony of the complainant, the State called only two other witnesses, Dallas Police Officer Dana Franklin, who arrested appellant, and Antoinette Hernandez, a Deputy District Clerk, who indicated when the indictment in this cause was filed.

The four specific excerpts from appellant's argument that the State contends invited its comments are:

"Ladies and Gentlemen, where is the mother? She told her mother about it; where is the mother? Do you think this little girl drove up here from Kilgore by herself? Her mother could have come in and said, 'Yes, she told me back in November.' Did we have any corroboration there? Did her mother come in Court and say, 'Yes, she sure did tell me about it. Yes, she sure did tell me about it'."

\* \* \* \* \* \*

"There is no physical evidence. I talked to you about physical evidence. There is no doctor's report, no medical report to show that, yes, in fact, she was not a virgin, or yes, in fact, it could not have occurred. There is nothing on that, the only evidence that you heard is one person, one person and that is a 14–year old girl."

\* \* \* \* \* \*

"So that leaves one witness. Ms. Holden [the prosecutor], you know, went over with you, could you convict on that and you said you could, but I think, ladies and gentlemen, that one witness has to be a believable witness. That witness has to be a believable witness, you have to look to the reason that she testified the way she did. We have shown you ample reason for her to testify the way she did when she came down here."

\* \* \* \* \* \*

"I want you to go back there and I want you to vote your conscience. I want you to vote the way you see or think. I can't see you vote any other way than the not guilty. The State has simply not proven the case. They haven't brought you any

1. Yet, even our entertaining a motion for rehearing by the State would seem precluded by Rule 12(d) promulgated by the Court.

2. A nearly unanimous Court that granted appellant's motion for rehearing has now come full circle and, notwithstanding irregularity of

the procedure, like the panel opinion on original submission, affirms. My own inquiry focuses on the point of invited argument raised now by the State, though I adhere to the late En Banc determination that the prosecutor made an unconstitutional comment on failure of appellant to testify.

of *these people* to show you that these events actually happened."[3]

The comments the State contends were thus invited, again, are:

". . . Now ask yourself that, what does that little girl have to gain or lose by coming in here and telling you a lie? Now, she didn't have to do it. What does she have to gain or lose? Can you think of anything? She is no longer staying with her father any more. She wants to go back to her mother and she is already there. What reason did she have to tell this jury anything but the truth?

"I said I'd ask for a little understanding. Now, ladies and gentlemen, *there are only two witnesses to this case. The little girl came in here and told you what happened. There is no other witness to it. Either you believe her—*"

The well settled doctrine of "invited argument" is that if appellant, through his lawyer, goes outside the record in his argument the prosecutor is also permitted to respond *dehors* the record. *Franks v. State,* 574 S.W.2d 124 (Tex.Cr.App.1978); *Kincaid v. State,* 534 S.W.2d 340 (Tex.Cr.App.1976); cf. *Wyatt v. State,* 566 S.W.2d 597 (Tex.Cr. App.1978). It is, however, equally beyond argument that, while such defense argument invites the State to reply in kind, the invitation does not grant the prosecutor a license to stray beyond the scope of the invitation. *Franks v. State,* supra; *Kincaid v. State,* supra. But the State may not go outside the record to respond to defense argument which is not itself objectionable for that reason. *Reynolds v. State,* 505 S.W.2d 265 (Tex.Cr.App.1974).

An examination of the above quoted argument evidences that there was nothing objectionable about it which would have supported an "invited argument." The first segment merely pointed out that the State had not produced the mother of the complainant to corroborate her testimony about making belated outcries—a point that

appellant developed in cross examining complaint. The second line of argument criticized the State for failing to produce some medical testimony as to the chaste condition of complainant—again a matter, he argued, that weakened the case presented by the State. The third excerpt argued that even a single witness must be believable and claimed that "ample reason" was shown that complainant was not. Finally, counsel insisted that "the State has simply not proven the case" because it had not presented any of the other persons to whom counsel had alluded to show the jury "that these events actually happened." In sum, appellant pleaded with the jury not to convict on the uncorroborated testimony of an interested witness. And we observe from the record that the State did not object to any of the quoted arguments.

The argument of appellant, therefore, was outside the record only in the sense that it questioned why corroborative testimony was not presented;[4] nor was it objectionable. Then, did it invite from the State the contested statements made by its prosecutor?

The State would have us conclude that *Wyatt v. State,* supra, controls the disposition of the instant case. In *Wyatt,* supra, defense counsel had initially injected in issue the subject of whether the testimony of one witness was sufficient to justify a conviction and why the State only relied upon one witness when accused, himself, had produced another. The record in that case revealed that the accused robbed a convenience store manager at gunpoint and forced a customer to lie on the floor; the accused presented the latter as a witness. In responding to defense argument alluded to above, the prosecutor argued, *inter alia,* "there was only two people that could testify to anything in this case and one of them is Greg Johanson [the customer on the floor]." The prosecutor also asked the jury not to be misled by the lack of any physical

---

3. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

4. To that invitation, if it be so considered, the State responded in full to each asserted instance of evidence that had not been adduced.

evidence, stating that a conviction could be secured on the testimony of just one witness. The distinction between *Wyatt* and the case at bar is clear: In the former case there were two witnesses to the offense, *other than the accused*, who could have testified as to what happened; in this cause there was but one witness, other than appellant, who could have testified as to the actual commission of the offense.

The lesson to be learned from *Wyatt* is plain. If the subject of securing a conviction on the testimony of one witness is brought into issue by defense counsel, the proper reply to that argument is that the State has talked to other witnesses and they could not add anything to its case. See *Wyatt v. State*, supra, at 603–04. Consistent with Article 38.03, V.A.C.C.P., however, a response is objectionable when it constitutes a direct comment on the failure of the accused to take the stand and otherwise contradict the State's case. The defense argument which the State would have us believe invited its own response in essence points to the failure of the State to produce corroborative evidence relating to either outcry of the victim or evidence of a medical nature. The eventual reply by the prosecutor was not calculated fairly to respond to any of the arguments set forth above; it was, instead, the most direct reference to the failure of this appellant to take the stand and tell the jury what happened. In so commenting, rather than merely pointing out that calling Jeannie or a doctor would have added nothing to their case, the State clearly strayed from the scope of its "invitation," assuming there was one. *Franks v. State*, supra; *Kincaid v. State*, supra.

For the reasons above stated, the State's motion for rehearing should be overruled–if the Court is to flout its own rule in entertaining it.