**Mason JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00090–CR.**

Court of Appeals of Texas, Dallas.

Dec. 30, 1981.

Kerry FitzGerald, Dallas, for appellant.

Jeffrey Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and FISH, JJ.

FISH, Justice.

Mason Johnson was convicted of aggravated robbery and his punishment, enhanced by two prior felony convictions, was set at life. On appeal, he urges two grounds of error: (1) that in argument the prosecutor committed fundamental error by directly referring to appellant's failure to testify, and (2) that the court coerced a verdict of guilty in giving supplemental instructions to the jury. We overrule both grounds and affirm.

, In his first ground of error, appellant complains of the following argument by the prosecutor:

Now, Mr. Hudson tells you that you should find the Defendant not guilty for what reason? He says because of conjecture, speculation and supposition. Let me ask you this: Where is the only conjecture, supposition and speculation that you have heard in this case? Right here, right here. *Has there been any other witness on the witness stand to say other*

1. Appellant's emphasis.

*than this is the man that robbed me? The only person in this entire courtroom who is not sure of who committed this robbery or if one was committed, is Mr. Hudson.*[1]

MR. HUDSON: Your Honor, I object to that. He doesn't know if I'm the only one that's not sure.

THE COURT: I'll sustain the objection. I'll instruct the Jury to disregard the last statement of Counsel and not consider it for any purpose.

MR. SCOTT: In response to Mr. Hudson's argument, he said, "Find him not guilty because the evidence is illogical, based on conjecture, speculation and supposition." I'm just going on what Mr. Hudson had to tell you.

Appellant's defensive theory of the case was that no robbery had occurred and that the complaining witness had manufactured his account of the robbery to avoid having to explain a gambling loss to his wife. Prior to the alleged robbery, the appellant, the complaining witness, and several other individuals were present at a dice game. Had the complaining witness actually lost all of his money in the dice game, appellant could have called the other individuals present at the dice game to testify concerning the complaining witness's losses.

In this respect defense counsel argued:

I think he [the complaining witness] lost some money. I think he lost that money in that crap game .... He wants to be bailed out of his own undoing which was at his own peril .... He hasn't told us everything in this case, and it just doesn't fit. When the facts don't fit, it's just asking too much of you as Jurors to try to piece it together and suppose and conjecture and try to make a case for the complaining witness.

We conclude that the State had a right to comment on appellant's defensive theory in closing. *See Edmond v. State,* 566 S.W.2d 609, 611 (Tex.Cr.App.1978).

For prosecutor's argument to be a comment on the failure of the appellant to

testify, the argument, as viewed from the standpoint of the jury, must be a necessary reference to appellant's failure to testify; it is not sufficient that the argument *might* be construed as an implied or indirect allusion to his failure to testify. *Todd v. State*, 598 S.W.2d 286, 294 (Tex.Cr.App.1980) *Taken in context*, the prosecutor's argument in this case was not necessarily a direct reference to appellant's failure to testify; from the jury's standpoint, the argument could have easily referred to appellant's failure to call the alleged witnesses to the dice game to support his defensive theory of the case. *See Lyles v. State*, 582 S.W.2d 138, 143 (Tex.Cr.App.1979).

Our conclusion that the argument in this case did not constitute a comment on appellant's failure to testify is certainly strengthened, if not compelled, by the decision in *Nickens v. State*, 604 S.W.2d 101 (Tex.Cr.App.1980) (*En Banc*). In *Nickens*, a conviction for rape of a child, the prosecutor argued:

Now, ladies and gentlemen, *there are only two real witnesses to this case. The little girl came in here and told you what happened. There is no other witness to it. Either you believe her—*

MR. BRAUCHLE (defense counsel): We object to this argument by the State's Attorney in that it goes to Defendant's failure to testify.

604 S.W.2d 102.

An off-the record conference was held at the bench, after which appellant's objection was overruled.

The opinion for the court, by Presiding Judge Onion, disposed of appellant's contention that the prosecutor's argument was a comment on his failure to testify in language equally applicable to the case at bar:

The appellant argued the State was relying for conviction upon the testimony of one witness who was not believable. The State responded to such argument during the course of which the prosecutor made the complained of argument .... Taken in the context in which-it was made, the language used was not manifestly intended or of such character that the jury

would naturally and necessarily take it to be a comment on the accused's failure to testify.

604 S.W.2d at 104.

We conclude that the argument was not a comment on the appellant's failure to testify.

■ Even if the prosecutor's argument in the instant case could be construed as an impermissible reference to appellant's failure to testify, no error has been preserved for our review. The objection made by trial counsel (that someone besides himself might have a reasonable doubt of appellant's guilt) does not comport with the ground of error on appeal (that the prosecutor was referring to appellant's failure to testify). Thus, no error is preserved. *Miller v. State*, 566 S.W.2d 614, 619 (Tex.Cr.App.1978); *Sloan v. State*, 515 S.W.2d 913, 915–16 (Tex.Cr.App.1974). Moreover, appellant received from the trial court all the relief he requested. His objection was sustained and the jury was instructed to disregard the prosecutor's statement. No motion for mistrial was made. For this additional reason, no error is preserved. *See Williams v. State*, 549 S.W.2d 183, 186 (Tex.Cr.App.1977); *Weedon v. State*, 501 S.W.2d 336, 338 (Tex.Cr.App.1973).

In his second ground of error, appellant complains that supplemental instructions given to the jury by the trial court coerced a verdict of guilty. We do not agree.

■ Article 36.31 of the Texas Code of Criminal Procedure provides that:

After the cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree.

(Vernon 1981). The trial court's exercise of discretion in declaring a mistrial is determined by the amount of time the jury has deliberated considered in light of the nature of the case and the evidence. *Patterson v. State*, 598 S.W.2d 265, 268 (Tex.Cr.App.

1980). Appellant does not complain of the content of the instruction, but only that the amount of time already spent in deliberations mandated a discharge of the jury rather than an instruction to deliberate further. In this case, the jury had deliberated just under four hours. Given the nature of the case and the amount of testimony adduced during trial, we cannot say that the trial court abused its discretion in requiring the jury to deliberate for more than four hours. *See Patterson v. State, supra,* at 268; *Garcia v. State,* 522 S.W.2d 203, 208–209 (Tex.Cr.App.1975); *Potter v. State,* 481 S.W.2d 101, 106 (Tex.Cr.App.1972); *Williams v. State,* 476 S.W.2d 300, 305 (Tex.Cr.App.1971); *Broadhead v. State,* 414 S.W.2d 931, 933 (Tex.Cr.App.1967). Appellant's second ground error is overruled.

Affirmed.

VANCE, Justice, concurring.

I agree with the conclusion reached by the majority that this case should be affirmed. However, I disagree with the majority's statement that the prosecutor's argument to the jury was not a comment on the appellant's failure to testify.

The record reflects that only two witnesses were present when the offense occurred, the victim and the appellant. The victim testified; appellant did not. The only conclusion that I can reach is that the statement, "[H]as there been any other witness on the witness stand to say other than this (the appellant) is the man that robbed me . . . ?" was necessarily a reference to appellant's failure to testify. *See Nickens v. State,* 604 S.W.2d 101, 104–106 (Tex.Cr.App. 1980) (*En banc*) (dissenting opinion by Judge W. C. Davis).

Nonetheless, in our case the appellant did not specifically object to the prosecutor's comment. Consequently, nothing is preserved for review. *Sloan v. State,* 515 S.W.2d 913, 915–916 (Tex.Cr.App.1974).