Edwin Gene ARNOLD, Appellant,

v.

STATE of Texas, Appellee.

No. A14–83–637–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 1985.

Charles F. Baird, Houston, for appellant.

Winston Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

The appellant was convicted of murder. The jury sentenced him to imprisonment for life and a $10,000 fine. Appellant seeks a reversal of his conviction on five grounds of error. We affirm.

Appellant was the night bartender at the Cue and Cushion Club on February 16, 1983. About 5:30 that morning he called the club's general manager at home and told him that as appellant was getting ready to leave the club for the night he had found Carl Hoover, the cleaning man, outside the bar dead with a knife in his chest. The manager told the appellant to call the police, then lock up the club and leave. When the police arrived, Carl Hoover's body was in a vacant lot near the club with pools of blood leading to the club's door. The police saw appellant through the club's window mopping up something and tried to get appellant to open the door. Appellant disappeared into a back room and called the club owner who told him to let the police into the club. When the appellant opened the door he and the club's floor were covered with blood. He was arrested.

In his first ground of error the appellant asserts that the repeated comments by the prosecutor regarding appellant's failure to testify constituted misconduct harmful enough to require reversal of his conviction.

In his final argument at the guilt/innocence stage of trial the prosecutor made three statements to which appellant did not object. Appellant now claims these statements comment on his failure to testify:

1) "Mr. Borque says: 'What does the State lack?' I think, really all the State lacks is the comprehension of how, why one human being could do this to another. That is lacking. That I can't tell you."

2) "We can only imagine what made him do it. We can only imagine some of the sequences, but there is no question that he did it."

3) "We will never know why. We will never know exactly how. All we know is he did it."

A prosecutor's comment on a defendant's failure to testify offends both our state and federal constitutions as well as TEX.CODE CRIM.PROC.ANN. art. 38.-08 (Vernon 1979). The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *See Nickens v. State*, 604 S.W.2d 101 (Tex.Crim.App.1980) (en banc), and cases there cited. For an indirect comment to constitute reversible error, it must call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. *Id.* at 102. The appellant alleges that these comments raised the issue of self defense, a defense which could only be proved by the appellant himself. The comments were not such that the prosecutor was *manifestly intending* to comment or *necessarily* commenting on the appellant's failure to testify. Nor did the comments call for the appellant to address the issue of self defense since the prosecutor could just as easily have been discussing the failure of

the appellant to call any witnesses, which does not constitute reversible error. *See Davis v. State*, 670 S.W.2d 255 (Tex.Crim. App.1984) (en banc), and cases there cited. The first ground of error is overruled.

Appellant alleges in his second ground of error that the trial court erred in overruling his objection to the charge for its failure to instruct the jury on the law of voluntary intoxication as mitigation in punishment. When properly requested the trial court must instruct the jury on every defensive issue raised by the evidence. *Williamson v. State*, 672 S.W.2d 484 (Tex. Crim.App.1984) (en banc). The proper time for a request and charge on temporary insanity caused by voluntary intoxication is at the punishment phase of trial. *Rodriquez v. State*, 513 S.W.2d 594 (Tex.Crim. App.1974).

The appellant objected to the court's charge at the punishment stage of trial *before* presentation of evidence or reading of the charge to the jury. The evidence presented as of that point consisted of the following testimony:

1) The arresting officer described the appellant as intoxicated and barely coherent.

2) The club owner, whom appellant called when the police arrived at the club and asked to be admitted, testified that the appellant mumbled incoherently on the telephone and sounded intoxicated.

3) Houston Police Department Detective Doyle testified that when he arrived on the scene about 7:00 that morning to investigate, the appellant appeared intoxicated.

4) Henrietta Burris, appellant's former girlfriend, testified that the appellant called her about 2:00 that morning. She told him to go home because he was drunk. Appellant called her again around 4:00 a.m. and told her he needed help lifting a body because he thought he had killed someone. Again Burris told appellant to go home because he sounded drunk. Appellant called her once more about 5:30 a.m.

and asked for help. Burris told him not to call again and hung up. She testified that appellant had had a severe drinking problem for the past two years and she had known him on several occasions to hallucinate while intoxicated. She testified that the hallucinations might have been connected to sniffing paint thinner, which she believed the appellant had stopped doing in October, 1982. She repeated on cross-examination that the appellant was drunk when he made all three phone calls to her.

Testimony elicited from appellant's mother during the punishment phase might have been sufficient to support the requested charge. However, appellant objected *before* this testimony was elicited. We conclude the evidence at the time of the objection proved only that the appellant was intoxicated, and did not raise the issue of temporary insanity caused by intoxication. Further, appellant made no objection to the charge when it was submitted to the jury at the punishment stage. The second ground of error is overruled.

In his third ground of error the appellant alleges the trial court erred in not requiring the jury to convict on only one of two disjunctive theories of murder charged by the state. The indictment alleged that appellant intentionally and knowingly caused the death of Carl Hoover both by shooting with a firearm and stabbing with a knife. Over appellant's objection, the jury was instructed to find appellant guilty if it believed beyond a reasonable doubt that appellant caused Hoover's death by either method. This ground of error is without merit since the charge may submit the manner and means of committing the murder disjunctively. *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Crim.App.1981). The third ground of error is overruled.

In his fourth ground of error the appellant asserts the evidence is insufficient to support the verdict under either theory of murder (death by stabbing or firearm) alleged in the indictment. Appel-

lant first argues there is a fatal variance between the indictment and proof because the indictment alleges he "stabbed" Hoover to death with a knife, while the assistant medical examiner testified that the fatal knife wound was inflicted by "cutting." The actions of appellant in killing Hoover were adequately proven to be one manner or means of death as alleged in the indictment despite the technical distinction made by the examiner. *See Phifer v. State*, 651 S.W.2d 774 (Tex.Crim.App.1983) (en banc).

The medical examiner testified that the fatal gunshot wounds, although sufficient by themselves to cause Hoover's death, would not have killed Hoover instantly. Appellant argues that this evidence is insufficient to prove he killed Hoover with a firearm because death could have been prevented by medical treatment and thus there is no proof that the wounds would have been fatal if treated. This argument is without merit since a theoretical rescue does not break the causal chain leading from the appellant's acts to Hoover's death. The fourth ground of error is overruled.

In his fifth ground of error appellant alleges that evidence seized following the warrantless search of his truck should have been suppressed.

The appellant was arrested around 7:00 a.m. on February 16, 1983. Later that morning police officers returned to the club to continue the investigation. They were directed by club employees to the appellant's truck, which was parked in a lot near the club. The officer retrieved Hoover's bloody shirt from the open bed of the truck and two handguns from the seat of the unlocked cab.

■ The evidence was properly admitted because the record reflects that the truck was lawfully impounded subsequent to appellant's arrest and the items would have been inevitably discovered. *Miller v. State*, 667 S.W.2d 773 (Tex.Crim.App.1984) (en banc). *Cf. Gauldin v. State*, 683 S.W.2d 411 (Tex.Crim.App.1984) (not yet reported) (en banc) (unconstitutional inventory subsequent to arrest where record

was devoid of any evidence that police actually engaged in caretaking function). Further, the shirt was in the open bed of the pickup and the guns were on the seat in plain view. The fifth ground of error is overruled and the conviction is affirmed.